#1
Court Copy

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
____PENSACOLA____ DIVISION

## CIVIL RIGHTS COMPLAINT FORM
TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C § 1983

PROVIDED TO SANTA
ROSA C.I. ON
JUN 26 2013
FOR MAILING

Charles Bernard Robinson Jr.
Inmate # E-02898
(Enter full name of Plaintiff)

vs.

CASE NO: 3:13cv 387 LCICYK
(To be assigned by Clerk)

Mr. D. Larson, Mr. Delab,
and Ms. R. Martin

_____,

_____,

_____.

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

## I. PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Charles Bernard Robinson Jr.

Inmate Number E-02878

Prison or Jail: Santa Rosa Corr. Inst.

Mailing address: 5850 East Milton Road
Milton, Florida
32583

## II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: Mr. D. Larson (LDO25)
    Official position: Lieutenant Officer
    Employed at: Santa Rosa Corr. Inst.
    Mailing address: 5850 East Milton Road
    Milton, Florida 32583

(2) Defendant's name: Mr. Delab
    Official position: Lieutenant Officer
    Employed at: Santa Rosa Corr. Inst.
    Mailing address: 5850 East Milton Road
    Milton, Florida 32583

(3) Defendant's name: Ms. R. Martin (SLPN)
    Official position: Medical Nurse Official
    Employed at: Santa Rosa Corr. Inst.
    Mailing address: 5850 East Milton Road
    Milton, Florida 32583

## ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

2

III.    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

IV.    **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.    Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes(**X**)        No(  )

1.    Parties to previous action:
(a)   Plaintiff(s): Charles Bernard Robinson Jr.
(b)   Defendant(s): Mr. Bryant, et. al

2.    Name of judge: UNKNOWN        Case #: 1:09cv151/MP/AK

3.    County and judicial circuit: Leon County Courthouse/Second Jud. Cir.

4.    Approximate filing date: July-02-2009

5.    If not still pending, date of dismissal: UNKNOWN

6.    Reason for dismissal: UNKNOWN

7.    Facts and claims of case: Conditions of Confinement Status

**(Attach additional pages as necessary to list state court cases.)**

B.    Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes(**X**)        No(  )

1.    Parties to previous action:
a.    Plaintiff(s): Charles Bernard Robinson Jr.
b.    Defendant(s): Mr. Randy Tiff, et.al.

2.    District and judicial division: Northern Dist. Court/Pensacola Div.

3.    Name of judge: Mr. Charles J. Kahn Jr.    Case #: 3:11cv616/LC/CJK

4.    Approximate filing date: December 15, 2011

5.    If not still pending, date of dismissal: UNKNOWN

6.    Reason for dismissal: ERROR OF THE DIST. CLERK TURNING FILED "INJUNCTION HEARING" INTO A CIVIL COMPLAINT.

3

7. Facts and claims of case: <u>Case was dismissed due to error</u>
<u>on the Dist. Clerk for turning "Injunction" into a Civil Complaint filed.</u>

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B))* in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(✗)                    No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): <u>Charles Bernard Robinson Jr.</u>
   b. Defendant(s): <u>Mr. Kozlowski, et. al.</u>
2. District and judicial division: <u>Middle Dist./Fort Myers Div.</u>
3. Name of judge: <u>Ms. Sheri Polster</u>     Case #: <u>2:08cv 200/CCH/SPC</u>
4. Approximate filing date: <u>March·08· 2008</u>
5. If not still pending, date of dismissal: <u>N/A</u>
6. Reason for dismissal: <u>N/A</u>
7. Facts and claims of case: <u>Excessive Force/Claims were settled</u>
   <u>on (02·10·2011)</u>

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(✗)                    No( )

1. Parties to previous action:
   a. Plaintiff(s): <u>Charles Bernard Robinson Jr.</u>
   b. Defendant(s): <u>Mr. Kozlowski, et. al.</u>
2. District and judicial division: <u>Middle Dist./Fort Myers Div.</u>
3. Name of judge: <u>Ms. Sheri Polster</u>     Case Docket # <u>2:07 cv 622</u>
4. Approximate filing date: <u>09·26·2007</u>   Dismissal date: <u>03·11·2008</u>
5. Reason for dismissal: <u>Improper filing of documents</u>

4

## IV. PREVIOUS LAWSUITS / CONTINUANCE:

### E.

x ✓

1. Parties to previous action:
   a. Plaintiff(s): Charles B. Robinson Jr.
   b. Defendant(s): Walter McNeil, and Randall L. Polk.
2. Judicial Division: First Judicial Circuit of Santa Rosa County, Florida:
3. Name of judge: Mr. Gary L. Bergosh. Case# 2010-CA-1745:
4. Approximately filing date: 04-27-2010.
5. If not pending, date of dismissal: 03-11-2011.
6. Reason for dismissal: Failure to articulate a liberty interest.
7. Facts and Claims of case: Challenging Continuance of Close management.

### F.

x

1. Parties to previous action:
   a. Plaintiff(s): Charles B. Robinson Jr.
   b. Defendant(s): Edwin G. Buss, and Randall L. Polk.
2. Judicial Division: First Judicial Circuit of Santa Rosa County, Florida:
3. Name of judge: Marci L. Goodman. Case: 2011-CA-0151:
4. Approximately filing date: 02-11-2011.
5. If not pending, date of dismissal: 04-04-2011.
6. Reason for dismissal: Failure to articulate a liberty interest.
7. Facts and Claims of case: Challenging continuance of Close management.

### G.

1. Parties to previous action:
   a. Plaintiff(s): Charles B. Robinson Jr.
   b. Defendant(s): Kenneth A. Tucker (Secretary, FDOC).
2. Judicial Division: Second Judicial Circuit/Leon County Courthouse:
3. Name of judge: Mr. Kevin J. Carroll: Case: 2012-CA-002415:
4. Approximately filing date: 05-30-2012.
5. If not pending, date of dismissal: 02-14-2013:
6. Reason for dismissal: Voluntarily Dismissal"...
7. Facts and Claims of case. Reviewing Administrative Decisions:

(4)(A)

# IV. PREVIOUS LAWSUITS / CONTINUANCE:

## H.

1. Parties to previous action:

(a). Plaintiff(s): Charles Bernard Robinson Jr.

(b). Defendant(s): Mr. Randy Tifft, et. al.

2. District and judicial division: Northern Dist. of Florida / Pensacola Div.

3. Name of judge: Mr. Charles J. Kahn Jr.   Case#: 3:11cv560/LC/CJK.

4. Approximate filing date: December. 15. 2011.

5. If not still pending, date of dismissal: July. 06. 2012.

6. Reason for dismissal: Failure to State a claim.

7. Facts and claims of case: "Unjustified use of Force"

## I.

1. Parties to previous action:

(a). Plaintiff(s): Charles Bernard Robinson Jr.

(b). Defendant(s): STATE OF FLORIDA

2. District and judicial division: Supreme Court of Florida

3. Name of judge: N/A      Case#: SC12-1244

4. Approximate filing date: Aug. 11. 2011:

5. If not still pending, date of dismissal: "STILL PENDING"

6. Reason for dismissal: "STILL PENDING

7. Facts and claims of case: 3.800(a) Appeal:

(4)(B)

# IV. PREVIOUS LAWSUITS / CONTINUANCE:

# I.

1. Parties to previous action:
   (a). Plaintiff(s): <u>Charles Bernard Robinson Jr.</u>
   (b). Defendant(s): <u>Mr. Delab, Mr. D. Larson, and</u>
        <u>Ms. R. Martin, et. al...</u>

2. District and judicial division: <u>Northern Dist. of Florida / Pensacola Div.</u>

3. Name of judge: <u>Mr. Charles J. Kahn Jr.</u>  Case: <u>3:12cv227/MCR/CJK</u>:

4. Approximate filing date: <u>August · 22 · 2012:</u>

5. If not still pending, date of dismissal: <u>April · 02 · 2013:</u>

6. Reason for dismissal: <u>Failure to disclose all prior civil cases:</u>

7. Facts and claims of case: <u>Deliberate Indifference:</u>

(NOTE): Plaintiff addresses that He has disclosed all Prior Civil
Case(s) to his Knowledge...

(4)(C)

6. Facts and claims of case: __Excessive Force claim(s)__

**(Attach additional pages as necessary to list cases.)**

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

The Plaintiff/Pro-se litigant, Charles Bernard Robinson Jr. DC#. E-02818, at (S.R.C.I) - Santa Rosa Correctional Institution respectfully address the issues that were committed by each Employee at (S.R.C.I) as follows, The Defendants are: (Lieutenant) Mr. D. Larson (LDO1S) which was a (SERGEANT) Correctional Officer date of incident (12-03-2012) at (09:80 A.M.) through (01:00 P.M) as the Shift Supervisor of (F)-Dormitory. Defendant (Lieutenant) Mr. Delab was the Supervisor of the use of Chemical Agents and Medical Nurse Ms. R. Martin (SLPN) was the Housing Unit (F)-Dormitory (NURSE) on hereof, date and time of incident, which it also shall be noted that Plaintiff herein was placed on a (72)-HOUR Observation Status on date of: (12-01-2011) at (10:00A.M.) by (SECURITY) Mr. D. Larson, and Mental Health Counselor Mr. J. Amey (MSW), which Plaintiff declared a Mental Health Emergency on (12-01-2011) at (04:00 P.M.)...

#1). Defendant Mr. D. Larson (LDO1S), was present on date of: (12-01-2011), at (09:00 A.M.) as Housing Dormitory Sergant for (F)-Dormitory, which Plaintiff Robinson declared a mental Health emergency, see (Exh.A.4, and A.6), which his Mental Health Chart will show that he has a suicidal history of committing harm or in the mental capacity of committing harm to himself, which Plaintiff Robinson was a (PSYCH-II) outpatient, suffering to Depressive Disorders, and since (2008), has been prescribed to the following Medication: Benadryl, Zoloft, Remeron, et. cetera to name a few for to help cope with his Mentally Impaired situations

5

(SECURITY) which was Employee Mr. D. Larson in coordination with Mr. Arney, placed Plaintiff Robinson Status inaccordance on (12.01.2011) on (72)- Observation, which was verbally stated to Plaintiff Robinson by his Mental Health Counselor Mr. J. Arney, at approximately (10:00 A.M), in (F)-Dormitory, which Plaintiffs cellmate Mr. Donnie Jackson DC# 083419 was moved into Housing Unit (F-321b) which housed Inmate Mr. Michael Cleveland DC# 131883...

On date of: (12.03.2011) approximately (04.00A.M.) In (F)-Dormitory, Plaintiff Robinson declared a Mental Health Emergency which was declined by Sergeant Mr. D. Larson (LD015), Plaintiff herein moved to declare a Mental Health Emergency approximately times of: (09:30 A.M.), (10:30 A.M), and (12:17 P.M.), To no avail was they responded to by Sergeant Mr. D. Larson...

However, at approximately (09:30 A.M) on Audio-visual Post use of force camera, Plaintiff Robinson declared again his Mental Health Emergency on this recording handheld camera which was being operated by an Officer Mr. Jacobs, and the clipboard was being conducted by Officer Mr. De Waters. This was stated respectfully after a (Lieutenant) Mr. Delab read some information from a piece of paper to the Audio-visual camera, which Plaintiff Robinson stated that he was going to "KILL HIMSELF"...

A Medical Nurse MS.R. Martin (SLPN), was brought to counsel with Inmate Robinson as Plaintiff herein, which she determined that Plaintiff Robinson needed further evaluation, which Plaintiff Robinson stated on Audio-visual camera, and to Nurse MS.R. Martin (SLPN) that he wanted to "kill himself", has a history of suicidal attempts on his life, and was going to cut himself with a razor. Nurse MS.R. Martin then left Plaintiff Robinson housing unit to call her Supervisor to have Plaintiff Robinson pulled out of his Housing Unit to be evaluated by a Mental Health care provider, because she is "UNTRAINED" for such procedures...

Shortly after, a (Lieutenant) Mr. Delab returned from Medical, which he followed her to the Medical Department, which he stated for the Audio visual camera that Plaintiff Robinsons Mental Health Emergency was "DECLINED"...

6

## V. STATEMENT OF FACTS / CONTINUANCE:

Defendant Mr. D. Larson (SEREANT) acted with deliberately indifferent, which (1). Sergent Mr. D. Larson Known about a risk to Plaintiff Robinson, see (Exh. A.4 and A.6), which he in-coordination with Plaintiffs health care provider, Mental Health Counselor Mr. J. Arney, on date of: (12·01·2011) at (10:00 A.M) placed Plaintiff Robinson on a (72)-HOUR Observation Status due to his declared Mental Health Emergency on date of: (12·01·2011), also was made aware on (12·03·2011) approximately at (09:30A.M) on Audio-Visual camera that Plaintiff Robinson made verbal threats of ("Killing Himself"), then (2). Sergent Mr. D. Larson failed to respond reasonably to that risk, which an official acts with deliberate indifference when HE or SHE, knows that an inmate face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it...

Defendant Mr. D. Larson then in participation with (Lieutenant) Mr. Delab, sprayed (2)-TWO Large cans of "Oleoresin Capsicum" (Pepper Spray), which Mr. D. Larson was the "TRIGGER MAN", on Plaintiff Robinson in housing unit (F-3215), approximately (12:00 P.M), (48)-forty-Light hours later after he KNEW Plaintiff Robinson was placed on (72)-HOUR Observational Status, which Sergent Mr. D. Larson failed to placed Plaintiff Robinson in a Transitional Care housing unit so that he can be monitored every (15)-Fifteen minutes for his Mental Impairment on (12·01·2011), which in participation was Mr. J. Arney. A disciplinary Charging report log. No# 119-112797, see (Exh. A.8), which was not processed. Plaintiff Robinson was never in a recalcitrant nature at any time, nor committing any physical harm to himself, staff or other inmates, or distroying any property or attempting to escape.

Plaintiff Robinson was not a pulled out of his housing unit to be evaluated for his Mental Health State. Plaintiff Robinson also provides Declaration(s) see (Docess: (1) through (5) of his Inmate witnesses, also see (DOC. A.). Their was no justification to authorize the use of Chemical agents on a mentally

(b)(A)

## V. STATEMENT OF FACTS / CONTINUANCE :

impaired inmate. Plaintiff Robinson has Exhausted all his administrative remedies prior to filing suit. Plaintiff Robinson still suffers to the Chemical agents that has caused him lasting psychological injury, which Plaintiff is unable to sleep most nights, which prior to this lawsuit, (S.R.C.I) had Mental Health Providers remove him from a (PSYCH-III to a Psych-I) Status. See also, Formal Grievance log, Nº 1305-119-144, responds made by Doctor Bummel and Assistant Warden MS. Jennifer Haas, concerning (72)-Hour Observation. Also, Mental Health (72)-Hour Status was not lawfully documented by Sergeant Mr. D. Larson (LD015)...

#2). Defendant Mr. Delab (Lieutenant), was present on date of:
(12·03·2011) at times of: (09:30 A.M) and (12:00 P.M.)
approximately, which before the usage of a Post use of camera was present, verbal threats were made by Lieutenant Mr. Delab that if Plaintiff Robinson did not take two cans of "Oleoresin Capsicum" (Pepper Spray) to the face, that he will apply (3)-THREE large cans on Plaintiff. In participation with Lieutenant Mr. Delab was Sergeant Mr. D. Larson LD015 which is now a (LIEUTENANT), but a Sergeant on date of: (12·03·2011) during incident, which he participated making verbal threats. Plaintiff Robinson verbally, and respectfully declared a Psychological Emergency, and also stated that (HE), Plaintiff Robinson was on a (72)-HOUR Observation, for his Mental Impairment, and was removed of all his Comfort Items by Sergeant Mr. D. Larson on date of: (12·01·2011) approximately between hours of: (09:00 A.M) through (10:00 A.M), which Sergeant Mr. D. Larson was (AWARE) (48)-FORTY-EIGHT HOURS prior to the use of Chemical agents.

Lieutenant Mr. Delab was then made (AWARE), which before Chemical agents are utilized, his Chart must be review, also (HE) Lieutenant Mr. Delab was acknowledged by his Housing Sergeant and still declined to act accordingly to have Plaintiff Robinson evaluated.

(b)(B)

**V. STATEMENT OF FACTS / CONTINUANCE:**

Time of : (04.30 A.M.) approximately, after Sergant Mr. D. Larson and Lieutenant Mr. Delab left, they returned with a Post use of Force Handheld video camera with Audio-Visual recordings.

On the Audio-Visual recording, Plaintiff Robinson declared his mental health emergency after a piece of paper was read by Lieutenant Mr. Delab. Sergant Mr. D. Larson was positioned at (F-3215) cell front which the Medical Nurse MS. R. Martin (SLPN) was brought down shortly after, which she conducted the following in Section-("1) of this statement of facts. Plaintiff was declined his mental health emergency by Lieutenant Mr. Delab on Audio-Visual camera, then approximately at (12:00 P.M.), Plaintiff was sprayed with two large cans of Chemical Agents by the trigger man Sergant Mr. D. Larson (LD01S).

Defendant Mr. Delab in participation with Sergant Mr. D. Larson, conduct was deliberately indifference, inaccordance to: 1). Lieutenant Mr. Delab was aware after he excerised his due diligence that Plaintiff Robinson was on a (72)-HOUR Observation since (12-01-2011), due to his Mental Impairment as a (PSYCH-III) outpatient, and was acknowledged that Sergant Mr. D. Larson, and Mental Health Pro-vider Mr. J. Airey placed Plaintiff Robinson on (72)-HOUR Observation Status, stripped of all of his comfort items (48)-FORTY-EIGHT HOURS prior from date of: (12-03-2011), and after he Known about a risk to Plaintiff Robinson mental illness, and was (KNOWN) of his present mental impairment, which Plaintiff Robinson declared a mental health emergency on Audio-Visual recording of threats of "**Killing Himself**", that he was going to cut himself with a razor, Knew of the risk to Plaintiff Robinson, which wasn't distroying any property, harming himself, staff, or others at the present time, failed to have Plaintiff Robinson handcuffed, then evaluated by Mental Health Counselor, and to also have his housing unit searched, well as Plaintiff Robinson's person, and 2). which Lieutenant Mr. Delab failed to respond reasonably to that risk, which his direct resulted actions resulted in deliberate indifference (6)(C)

V. STATEMENT OF FACTS / CONTINUANCE :

When (HE) Lieutenant Mr. Delab Knew, and know that Plaintiff Robinson faced a substantial risk of serious harm, and disregards that risk by failing to take reasonable measures to abate it, Then utilized chemical agents on a Mental Impaired Inmate, (Plaintiff Robinson) unjustifiably, constituted deliberate indifference.

*3). Defendant MS. R. Martin (SLPN), which within Plaintiff Inmate(s) Declarations, documents: (1) through (5), Formal Grievance log(s): 1112-114-230 and 12-6-02875, was documented as (MS. BARTON), which is now (NOTED) as a Harmless mistake, and was Corrected..

However, Medical Nurse MS. R. Martin (SLPN), which is not a trained mental health specialist, was brought to (F-321S) Housing Unit approximately (09:30 A.M.) to counsel with Plaintiff / Inmate Robinson, which it was (AGAIN) Stated (LOUD) and (PRECISE) that Plaintiff Robinson was going to commit harm to himself as Stated, "Kill Himself", On Audio-Visual recording camera, which after approximately (1)-ONE Minute (She) Medical Nurse MS. R. Martin (SLPN) Stated that She was making a phone call to her Supervisor at the front office to have a Mental Health Counselor provided to counsel with Plaintiff Robinson..

It was also brought to Medical Nurse MS. R. Martin that Plaintiff Robinson was placed on a (72)-HOUR Observation by (SECURITY), Mr. D. Larson and Mental Health Counselor Mr. J. Arney, which Plaintiff Robinson was stripped of all his comfort items. See, (Exh. A.4, A.6, and A.7) Responses made by each employees: Mental Health Medical Records MS. Ard, Mental Health Counselor Mr. J. Arney, and Doctor Mr. W. D. Rummel, and Assistant Warden MS. Jennifer Haas (HA01), date of incident: (12-01-2011).

Medical Nurse MS. R. Martin (SLPN) was aware of this risk,

(6)(D)

# V. STATEMENT OF FACTS / CONTINUANCE:

Of suicide threats, which Ms. R. Martin was present to witness that Plaintiff Robinson needed to be evaluated (SEE AUDIO-VISUAL RECORDING), and #1) was known about the risk to Plaintiff Robinson, and *a). Medical Nurse MS. R. Martin (SLPN) failed to respond reasonably to that risk, which (A): Nurse MS. R. Martin stated that she was making a call to the front office to have a Mental Health Provider, provided to evaluate Plaintiff Robinson, (B): Failed to have security pull Plaintiff Robinson out of his housing unit to be evaluated as soon as possible after her knowledge of threats made that Plaintiff Robinson was going to "Kill Himself", (C): Medical Nurse MS. R. Martin (SLPN), "DECLINED" Plaintiff Robinsons Medical Emergency, never returning, and having Lieutenant Mr. Delab Decline the Mental Health Emergency for her, while never having Plaintiff Robinson evaluated on video footage.

Medical Nurse MS. R. Martin (SLPN) direct resulted actions were Vindictive, and conducted with deliberate indifference to Plaintiff Robinsons HEALTH and SAFETY needs, when it cannot be refuted from the face of the record that Plaintiff Robinson declared a mental health emergency, each Defendant was aware of harm, and declined to have Plaintiff Robinson evaluated, which it was majorly on Medical Nurse MS. R. Martin (SLPN) to refer that it is the Revised Offer of Judgement (ROJ) requirements to evaluated Plaintiff Robinson mental capacity due to his declared mental health emergency, and it was each Defendant(es) Mr. Delab, Mr. Larson, and MS. R. Martin duty as a professional staff employee Whom are law abiding employees to not disregard this Mental Health Emergency, and to take reasonable measures to abate it, not a procedural cause to unlawfully administer Chemical Agents on a Mentally Impaired Inmate, not (1)-ONE Large can, but (2)-Two Large cans of "Oleoresin Capsicum" (Pepper Spray), while on (72)-Hour Observation Status, which Plaintiff Robinson still has lasting psychological injuries.

(6)(E)

## VI.    STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

(A): Plaintiff Robinson states that his (14TH) Amendment Right were violated.
(B): Plaintiff Robinson states that his (8TH) Amendment Right was violated, due to Deliberate Indifference, violating the HEALTH and SAFETY clause for Mentally Impaired (Psych-III) inmates in accordance to case law(s): Thomas vs Bryant, 614 F.3d 1288 (C.A.11 (Fla.) 2010), Osterbackvs McDonough, 549 F.Supp.2d 1337, (M.D. Fla. 2008), Farmer vs Brennan, 511 US.825 114 S.ct. 1970 (1994), Estate of Cole vs Fromm, 94 F.3d 254, 259 (7th cir. 1996), Gregoire vs _____ SEE CONTINUANCE PAGE(S)(7)(A).

## VII.    RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

(A): Each Defendant(s) herein are each sued in their "Individual, but official Capacity," (#20.000) for Compensatory Damages.
(B): Each Defendant(s) herein are each sued in their "Individual, but official Capacity," (#20.000),       SEE CONTINUANCE, PAGE(S): (7)(B).

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

<u>06 · 25 · 2013</u>
(Date)

DC# E-02818
(Signature of Plaintiff)

## IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ■ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the __25th__ day of ____JUNE____, 20_13_.

DC# E-02818
(Signature of Plaintiff)

## VI. STATEMENT OF CLAIMS:

Class, 236 F.3d 413, 417 (8TH Cir. 2000), Sanville vs McCaughty, 266 F.3d 724, 737-38 (7TH Cir. 2001), Hall vs Ryan, 957 F.2d 402, 403 (7TH Cir. 1992), Dolihite vs Maughon, 74 F.3d 1027, 1042-43 (11TH Cir. 1996), Tafoya vs Salazar, 516 F.3d 912, 916-17 (10TH Cir. 2008), and Jones vs Minnesota Dept. of Corrections, 512 F.3d 478, 482-83 (8TH Cir. 2008), which a Prison official maybe liable under the (8TH) Amendment for acting with "Deliberate Indifference" to inmate HEALTH and SAFETY, if (HE) or (SHE) "KNOWS" that inmate face a substantial risk of serious harm and Disregards that risk by failing to take reasonable measures to abate it...

## VII. RELIEF REQUESTED/CONTINUANCE:

in **Punitive Damages**, direct actions resulting to a deliberate indifference, unjustified usage of Chemical Agents on an Mentally Impaired Inmate, Improper Decision Maker to the (R.O.J), Revised Offer of Judgement clause..

(C): Plaintiff also seeks **Nominal Damages** against each Defendant..

(D): Plaintiff, "**DEMAND A DECLARATORY JUDGEMENT**" against each Defendant..

(E): Plaintiff, "**DEMAND INJUNCTIVE RELIEF**" against Employees and Defendants at (S.R.C.I)..

(F): Plaintiff request to be reimbursed Attorney Fees as a Pro-se litigant, Court Cost in this (1983) Civil Complaint proceeding..

(G): Plaintiff, "**DEMAND A TRIAL BY JURY**"...

(7)(B)

PART B - RESPONSE

| | | -.02378 | -1112-119-230 | SANTA ROSA C.I. | |
|---|---|---|---|---|---|

...FOR ADMINISTRATIVE REMEDY HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

...FILED A GRIEVANCE REGARDING DR 119-112797 WITHOUT ANY RESOLUTION SOUGHT...
...IT IS ALSO NOTED THAT THE DR LOG 119-112797 WAS REJECTED AND NEVER HEARD...
...ON YOUR OFFICIAL DISCIPLINARY RECORD TO OVERTURN. YOU ARE UNCLEAR TO WHAT...
...AS A RESULT OF YOUR CLAIMS.
...BASED ON THE ABOVE INFORMATION, YOUR GRIEVANCE IS DENIED.

...FOR ADMINISTRATIVE REVIEW OF YOUR COMPLAINT, YOU MUST OBTAIN...
...ADMINISTRATIVE REMEDY OR APPEAL, COMPLETE THE FORM, PROVIDING ATTACHMENT...
...SUBMIT THE FORM TO THE BUREAU OF INMATE GRIEVANCE APPEALS...
...WITHIN THE TIME FRAMES SPECIFIED IN CHAPTER 33...

R. HEET

SIGNATURE OF WARDEN, ASST. WARDEN          4/14/12

JAN. 19 2012

STATE OF FLORIDA
**DEPARTMENT OF CORRECTIONS**

RECEIVED

BY:

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ■ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From: Robinson, Charles, B.     E-02878     Santa Rosa Corr. Inst.
  Last    First    Middle Initial     Number     Institution
     1/2-113-230

APPEAL/GRIEVANCE TO LOG.#: 119-112797: Part A – Inmate Grievance

The Appelkint/Grievant herein, Charles Bernard Robinson Jr. DC# E-02878, resided at Santa Rosa Correctional Institution, (F) Dormitory, Housing unit (F-3215-L), Wing-(3), Comes respectfully to your Honorable Office in acknowledgement to log. No# 119-112797, a (2-3), Participating in a minor Disturbance Infraction, written by a Sergeant Mr. D. Larson (LDO15), at hours of: (14:00), on date of: (12-04-2011) which the Incident of this Infraction with the use of Chemical Agents took place on date of: (12-03-2011), at approximately (09:24) and (12:00) hours.

【NOTICE】:

The Appelkint/Grievant herein has filed an (INFORMAL GRIEVANCE) on date of: (12-07-2011), to which no answer has been furnished, therefore, not to let(his) time period of (15)-fifteen days elapse, The Appellant/Grievant herein, has proceeded to the (NEXT LEVEL), utilizing the receipt log. number: 119-112797, and proceeded to the next level respectfully, pursuant to (F.A.C.) 33-103.011 (4), Case laws: Aultman vs Singletary, 708 So. 2d 1004 (Fla. 1st DCA. 1998), Pedroza vs Tadlock, 705 So. 2d 1005(Fla. 4th DCA. 1992), and Hoag vs State, 591 So. 2d 614 (Fla. 1992).

【STATEMENT OF FACT(S)】:

On Date of: (DECEMBER 03, 2011), approximately (09:24 A.M.), The Appelkint/Grievant herein, Charles B. Robinson Jr. DC# E-02878, Housed during the time of Incident (F-3215-L), Wing-(3). Spoke with the Housing Supervisor, Sergeant Mr. D. Larson (LDO15), and a Lieutenant Mr. Delab about a current problem dealing with (Psychological) Mental Impairment the Appellant/Grievant suffers from of (Depressive Disorder) which (HE) is a (PSYCH-(3)) Incarcerated

(SEE CONTINUANCE NEXT PAGE):

(12-15-2011):
DATE

E-02878
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

#      Signature

INSTRUCTIONS

Continuance to log. No# 119-112797:

Inmate protected under (ADA)- American with Disabilities Act of 1990, Title II, of Title 42 U.S.C. § 12131, et.seq., Pennsylvania Department of Corrections VS Yeskey, 118 S.Ct. 1952 (1998).

The Appellant/Grievant herein, "DECLARED" a (Psychological Emergency on "USE OF FORCE" Video (Handheld) recording camera to which, a Nurse MS. Barton^Martin, the Appellant/Grievant herein believes, which the Duty Roster will clarify the specify nurse present on (12-03-2011) was called on (F)-Wing-(3), and also will be shown on (Video footage) of Handheld Camera, that the Appellant/Grievant herein, Charles B. Robinson Jr. Dc#. E-02898, Declared a (Psychological Emergency) with threats of [Killing himself] on recording of the handheld camera. Nurse MS. Barton stated, that she was going to call her Supervisor in the Medical Station up top to verify this emergency and will return. At this time, the Appellant/Grievant herein was on (STRIP, LOAF) approximately (2)-Two days, and was also placed on a (72)-Seventy-Two hour Mental Health Evaluation by his Mental Health Counselor Mr. ARNIE, and also Security Supervisor, Sergent Mr. D. Larson (LD015), due to (HIM) not being in his right state of mind.

On video (Handheld) camera, Nurse MS. Barton^Martin never returned (AT,ALL) which video camera will verify this on recording, which a Lieutenant Mr. Delab returned after leaving off the video camera to speak with the (NURSE), that she stated the (MENTAL HEALTH DEPARTMENT) Declined to (Evaluate) The Appellant/Grievant herein, then the recording camera was turned off. Shortly after, approximately

(2)

Continuance to log. No# 119-112797:

(12:00) Noon, The same officials returned without the use of Force video Camera, then applied (2)- Can of "OC"-- Oleoresin Capsicum (PEPPER SPRAY)-- An Inflammatory agent that causes tearing and involuntary closing of the eyes, nasal discharge, sneezing, dis-orientation, and the Sensation of respiratory distress, Pursuant to (F.A.C.) 33-602.210 (16)(a)(1)(a), which Goes on to State that in Subsection -(a): "OC" is the primary Chemical agent to be used for [CELL EXTRAC-TIONS] and other in- cell, individual, use, only to when, The (INMATE) is in violation of (F.A.C.) 33-602.210 (1), (a, b, c, d, e, f, g, or h), which The Appellant/ Grievant herein, violated (NON) of these infraction, and also, "DECLARED" a (Psychological Emergency) that was (DECLINED) on video footage, which officials, Sergant Mr. D. Larson (LD015) and Lieutenant Mr. Delab both violated the Appellants (4TH) Amendment Right under the color of State law to be "Secured in his person", violated The Appellants (8TH) Amendment Right under the color of State law, due to " Cruel and Unusual punishment" by not providing mental Health evaluation after the Appellant herein declared (PSYCHOLOGICAL EMERGENCY) on (Handheld) recording video camera, and then Sprayed the Appellant with (2)- Two Cans of " Oleoresin Capsicum", (6)- Six, (1)- One Second burstes of this Chemical Agents, while the Appellant was under a (72)- Seventy-Two hour Mental Health Eval-uation by Mental Health from date of: (12-01-2011) at approximately (09:00 A.M.), (See video footage) to verify the Appellants allegations herein. Each above mentioned Employees also violated the Appellants (14TH) Amendment Right under the Color of State law of " DUE PROCESS" and " EQUAL PROTECTIONS

(3)

Continuance to log. No.# 119-112797:

OF LAWS", also the Appellants (ADA) - American with Disabilities Act for (PSYCH-III) under Title-II of 1990, (ADA) Clause, Title 42 U.S.C. 12131, et.seq., Penn. Dept. of Corrections VS. Yeskey, 118 S.Ct. 1952 (1998), See also (F.A.C.) 33-404, in dealing with Mental Impaired Inmates, and rightful procedures.

Nurse MS. Barton (Martin) also is Entitled to the participation of the Same violations of addressed (4TH, 8TH, 14TH) Amendment Rights under the color of State law which she failed to follow Rules-and-Procedures to have the Appellant/Grievant herein, Charles B. Robinson Jr. DC# E-D2878, on video (Handheld) camera (EVALUATED) pursuant to his (MENTAL HEALTH PSYCHOLOGICAL EMERGENCY], also violated the (ADA)- American with Disabilities Act of 1990, Title 42 U.S.C. 12131, for (PSYCH III) Mental Impaired Inmates, which also, Nurse MS. Barton (Martin) should have complied before and after to (F.A.C.) 33-602.210 (16)(0), to make a Medical Mental health referral for each inmate who is classified a (S-2) or (S-3) on the health profile.

Pursuant to (F.A.C.) 33-602.210 (10), all employees who witnessed, but do not participate in the use of force shall complete form (DC6-210), Incident Report, which an Officer Mr. Dewaters, and Mr. Jacobs each was present on the wing. All Inmate statements shall be made in writing using form (DC6-112C), which all The Appellants witness statements was collected during the investigation process of log. number.# 119-112797, on date of: (12-07-2011) at approximately (8:05 A.M.) by a (John Doe) Investigator.

(4)

Continuance to log. No: 119-112797:

[ MEMORANDUM OF LAW ]:

[RETALIATION] for exercise of the First and Fourteen Amendment Rights under the color of State law to file grievances, lawsuits, or give a witness statement or Testify in either, violates the (1st) and (14th) Amendments under the color of State law, see caselaws: <u>Wilderger vs Bracknell</u>, 869 F.2d 1467 (11th Cir. 1989), <u>Bridges vs Russell</u>, 757 F.2d 1155 (11th Cir. 1985), and <u>Hall vs Sutton</u>, 755 F.2d 786,787 (11th Cir. 1985).

## [ RELIEF SOUGHT ]:

1). The Appellant / Grievant herein, contest that each official stated herein shall be reported to the [INVESTIGATOR OFFICE] to be investigated, and Penalized for each of their vindictiveness.

2). The Appellant / Grievant herein, contest that the [USE OF FORCE] Hand held video camera shall be "reviewed", "investigated", and "Clarified" of herein, this Grievance allegations made by the Appellant / Grievant.

3). The Appellant / Grievant herein, contest that the [USE OF FORCE] Video Camera (Hand Held) recording device tape shall be held, and preserved for court proceedings from Use of force date of: (12-03-11), approximately (09:24 A.M.) in (F)- Dormitory, wing (3), at housing unit (F-3215), also the [USE OF FORCE] video tape of (12-03-11), at approximately (12:17) P.M., after usage of chemical agents herein.

4). The Appellant / Grievant herein, contest that (HE) is in "FEAR OF HIS LIFE", and "WELL BEING" at Santa Rosa Correctional Institution, and respectfully [DEMAND] for an Immediately Transfer to another [INSTITUTION] Please Warden Mr. R. Tifft Sir.

"Respectfully Submitted".

Sign: _Charl Bul_ DC: E02818 / 12-15-2011:

(5)

MAILED/FILED
WITH AGENCY CLERK

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| ROBINSON, CHARLES | E02878 | 12-6-02875 | SANTA ROSA C.I. | D2105L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

The disciplinary report was dismissed; therefore, there is no issue to grieve.

Your administrative appeal is denied.

E. Stine

SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR
SECRETARY'S REPRESENTATIVE

DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

RECEIVED

**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☐ Warden   ☐ Assistant Warden   ☒ Secretary, Florida Department of Corrections CORRECTIONS

From: __Robinson, Charles, B.__   __E-02898__   __Santa Rosa Corr. Inst.__
    Last    First   Middle Initial    Number       Institution

| | |
|---|---|
| APPEAL/GRIEVANT LOG# 1112-119-235 Part A – Inmate Grievance | 12-6-02875 |

The Appellant/Grievant herein, Charles Bernard Robinson Jr. DC# E-02898,
resided at (S-R-C-I) respectfully contest the allegations made in grievance
log No# 1112-119-230, which he only contestes the (INCIDENT) that
occurred, leading up to the Disciplinary Infraction Log# 119-112949.

STATEMENT OF FACT(S):

On Date of: (12-03-2011), approximately hours of: (09:00A.M.), The
Grievant herein, was currently in accordance with (F.A.C.) 33-404.102(8)(c),
(which (HE) was placed on (72)-Hour "OBSERVATION" by Mental Health Counselor
Mr. Arnie and Security Staff, Sergant Mr. D. Larson (LD015), on date of:(12-01-
2011) approximately at (09:00A.M.) in (F)-Dormitory, Housing Unit (F-3215), which
his cellmate Mr. Donnie Jackson   DC# D83419, was moved to Housing Unit (F-
3216). The Appellant/Grievant herein, Charles B. Robinson Jr. DC# E-02898, wasn't
to be removed off this (72)-Hour "OBSERVATION" until due date of: (12-04-2011)
approximately hours of: (09:00A.M.)

ARGUMENT AND ISSUE(S):

On this date of: (12-03-2011), the following occurred, a Lieutenant Mr. Delab,
and Sergant Mr. D. Larson approached Inmate herein, Robinsons housing unit (F-
3215), making several verbal statements of utilizing chemical Agents and so on.

They (L.T. Mr. Delab and Sergant Mr. D. Larson (LD015) returned to Inmate Robinsons
housing unit (F-3215), which Use of Force (HANDHELD) video camera was being
operated by Officer Mr. Jacobs, and the paperwork was maintained on a (clipboard)
by Officer Mr. Dewaters, which Lieutenant Mr. Delab read Inmate Robinson some
statement off a white sheet of paper on (video footage) of the Use of Force camera.

SEE CONTINUANCE NEXT PAGE(S):

__01-22-2012:__   __Charles B. Robinson E-02898__
    DATE            SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY
EXTENSIONS:**

                         __0__ / __R/__
                          #    Signature

APPEAL TO LOG. NO#: 1112-119-230:

Inmate Robinson then stated for the Use of Force camera, (REVIEW VIDEO HANDHELD FOOTAGE) that (HE) was being "RETALIATED" upon by Sergeant Mr. D. Larson (LDO1S) due to an (1-6) Loud or Lascivious Displinary Infraction written upon him by a Officer Mr. J. Jankowski, which [LIED] on Inmate Robinson (SEE LOG. NO#: 119-112766), which (HE) stated that Inmate Robinson masterbated on Classification Officer MS. Fennimore, which she did not [CONFIRM] this, and that Inmate Robinson was being Sprayed with Chemical Agents because of this Incident.

Inmate Robinson was [STILL] currently imposed to a (72)-Hour Mental Health "OBSERVATION" and that, at approximately (12:00) Noon time, Inmate Robinson was Spray with (2)-Two cannisters of Chemical Agents by the trigger person, Mr. Sergeant D. Larson (LDO1S), and authorized by Lieutenant Mr. Delaib, (also present, Mr. Jacobs and Mr. Dewaters, which each are correctional Officers at Santa Rosa Correctional Institution. There was [NO] Use of Force camera present during their, (Sergeant Mr. D Larson (LDO1S) and L.T. Mr. Delaib) Usage of Chemical Agents in accordance to Charging Disciplinary Report log. No#: 119-112919, written by Seigent Mr. D. Larson (LDO1S) on date of: (12-04-2011).

At the time during the Use of camera at approximately (09:00 A.M.), on date of: (12-03-2011) in (F) Dormitory, Wing-(3), a Nurse MS. Martin was called down to evaluate Inmate Robinson after (HE) Inmate Robinson Declared a psychological emergency on (USE OF FORCE VIDEO) (SEE VIDEO) to Verify Inmate Robinsons allegations, which (SHE) MS. Martin stated on (VIDEO FOOTAGE)

(2)

APPEAL TO LOG. NO* 1112-119-230:

That(She) was going to make a call to have Inmate Robinson further evaluated, because(she) was not a psych specialist, which(She) left off the camera, also followed by a Lieutenant Mr. Delab, which (HE) went out into the Sally Port, returning approximately (5)-FIVE minutes later declining Inmate Robinsons Mental Health Emergency, then turn off the camera. Lieutent Mr. Delab, and Sergeant Mr. D. Larson returned back to Housing Unit (F-3215) with several threats, and return to use Chemical Agents on Inmate Robinson despite of (his) Inmate Robinsons (72)-Hour "OBSERVATION", which Chemical Agents (2)-Cans was applied on Inmate Robinson Skin all over, which Inmate Robinson was housed alone, (STRIPPED) of all his comfort items in (30°) Degree Cold weather to Sleep on a (STEEL BUNK) with [NO MATTRESS] and Inmate Robinson only had on a pair of [BOXERS and SHOWER SLIDES], no toilet paper or anything within his Housing for (5½) Days, also(HE) was place on Management Meal (LOAF) for (7)-Days, (22) meals, which Officer Mr. J. Jankowski (JJ040) placed Inmate Robinson on Management Meal through authorization of Sergeant Mr. D. Larson (LL0015), which also Officer Mr. J. Jankowski (JJ040) wrote Inmate Robinson an In-fraction (1-6) Lewd or Lascivious to have Inmate Robinson placed on (LOAF) Management Meal, to suffer while (HE) Inmate Robinson was on (STRIP) Status. This Disciplinary Infraction was written (30)-THIRTY minutes after Inmate Robinson was placed on (72)-Hour Mental Health "OBSERVATION", which (F)-Dormitory Video Fixed Wing Cameras will show that Inmate Robinson was placed in the bottom tier shower approximately (1)-ONE HOUR, and (STRIPPED) of all(his) Comfort items. See also log* 119-112766, and review Mental

(3)

APPEAL TO LOG. NO# 1112-119-230:
Health medical Chart, also Medical File on dates of:
  (1): 12-01-2011: Mental Health and Medical File:
  (2): 12-03-2011: Medical File:


The Appellant / Grievant herein, Inmate Charles B. Robinson Jr. DC# E02878, contest that Disciplinary Infraction Log. No# 119-112797, was written of a (2-3) Participation in Disturbance / Usage of Chemical Agents, written by Sergant Mr. D. Larson (LD015), on date of: (12-04-2011) at (14:00) Hours, which Inmate Robinson was served with the Disciplinary Infraction, but Later, never was processed for Inmate Robinson to attend Disciplinary Court to contest the Illegal Direct Actions of Sergant Mr. D. Larson, Lieutenant Mr. Delab, Officer Mr. Dewaters, Mr. Jacobs, and Nurse Ms. Bretton's participation in this Violation of the Appellants' (14th) Amendment Right under the color of State law due to their direct actions, lead to "Cruel and Usual" punishment, also violation under the color of State law (4th, 8th), in the Sadistic, Malice intercourse of their own violations of Due Process.

A proper Investigation (BITS) was never conducted, which the Disciplinary Investigator (JOHN DOE), which Signature is [UNREADIBLE] violated (F.A.C.) 33-601.305 (2)(e), (f),(g), (3), (4),(5), Failed to comply with(his) own Scope of Rules and Policy to make sure all [WITNESSES] Sign and complete [FORM DC6-112C], which [see Attached], [LDOC A] of Inmate Mr. Antwan Gibson DC# 570460, which was never collected by the Investigating Officer, which this constitutes a (14th)

(4)

APPEAL TO LCF: NO# 1119-119-730:
Amendment Right, Procedural Due Process violation of
Improper Investigation under the color of State law,
Which also, The Appellant/Grievant herein, has furnished
for your Honorable Office review [DECLARATIONS] from
the following Inmate witnesses that [ALSO] was witnesses
during the Investigative Reporting on date of: (12-07-11)
at (8:05 A.M.) in (F)-Dormitory.

(1): Inmate Antwan, Gibson DC# 570460: (DOC#.3):
(2): Javado, Thompson DC# C-01034: (DOC#.4):
(3): Pope, Sterling DC# 652952: (DOC# 5):
(4): Michael, Cleveland DC#.131883: (DOC#1):
(5): Donnie Jackson DC# 083419: (DOC#.2):

The Disciplinary Committee, Investigator Officer, and
all employees at Santa Rosa Correctional Institution
works against the Inmate in every aspect. This
herein, log No# 119-112797, is under review by
the [INSPECTOR GENERALS] office, which if if
wasn't for Inmate Robinsons family member, Ms.
Dana Robinson stepping in contacting variously high
officials such as (FDLE), The President, Governor
Mr. Rick Scott, of this Infraction that (HER) Loved
one was spray unjustifiably with Chemical Agents
while housed on [72]-Hour "OBSERVATION" by Mental
Health Counselor Mr. Arnie, and Sergeant Mr. D. Larson
(LDCAS) himself, whom was the sole participate that
Sprayed the Chemical Agents on Inmate Robinson in
Housing Unit (F-3315), [KNOWING] Inmate Robinson
was on [72]-Hour Observation, because (HE) helped
place Inmate Robinson on this Status, and placed In-
mate Robinson on (LOAF) Mangement Meal, then had

(5)

APPEAL TO LOG. NO#: 1112- 119-230:
OFFicer Mr. J. Jankowski (IJC40) write Inmate
Robinson a (1-6) Lead or Lascivious which Sergant
Mr. D. Larson (LDC15) help authorize in order to
reprisal and punish Inmate Robinson for declaring
a Mental Health emergency, adding additional work
upon (Him) and his Staff members. See log. NO#: 119-
112266.

Each Defendant, Lieutenant Mr. Dekab, Sergant Mr. D.
Larson (LDC15), Nurse MS. Barton, Martin OFFicer Mr. Dewaters,
and Mr. Jacobs are to be [PENALIZED] for their vindictive
Conduct herein, which is currently under investigation by In-
spector Mr. Castle at (S-R-C-I), also Mr. Dewaters,
Mr. Jacobs, and Nurse MS. Barton Martin violated their own
Scope of rules and policy, See (F.A.C.) 33-602-210
(11) as a witness of this Sadistic, Malice, Cruel- and-
Unsual punishment, and failed to comply with this Statute
to Signa Form -210, Incident Report, also Lieutenant Mr.
Dekab and Sergant Mr. D. Larson (LDC15) Shall be
penalized for their Conduct also in violation of (F.A.C.)
33-602-210 (3)(e)(h).

The Appellant / Grievant herein, has Several witness
statements Stating they witnessed this Sadistic, Malice
Conduct, (SEE ATTACHED) Decloreations also Form
(DC6-1420) (DOC A) of Inmate Robinsons witnesses,
Which log No#: 119-112240, verifies (his) Statements,
that the incident did occur by [USE OF FORCE VIDEO
FOOTAGE], Medical and Mental Health Records, and
Fixed wing-(s) of (1)r Dormitory camera footage, which
Warden Mr. R. Tiftt failed to Penalize any of his
Staff Affaials for this vindictive conduct, which (he) was

(6)

APPEAL TO LOG. No#: 1114-119-230.
Cuware of this Incident, See log No#.1110-119-230,
Signed and Datkd by Warden, Mr. R. Tifft, and Mr. R.
Burch, date of: LO1-13-2012], which this negligence
constituted [GROSSLY NEGLIGENCE] upon the Warden
MR. R. Tifft, Which also (HE) Must be penalized as well.

# [RELIEF SOUGHT]:

1): The Appellant / Grievant contest that(he) will like for
the times of (07:00 A.M.) and (12:00) noon use of
force video footage to be reviewed to clarify his allegations
that incident did occurr as writtein in log. No#. 119-112191.

2): The Appellant / Grievant herein, contest that all In-
vestigative Reports, witness statements, Audio Taping, Martin
Fixed (F-wing-(3)) wing cameras, Nurse MS. Betton,
and Mr. Arnie Statements shall be investigated to verify
the Investigation Status that was (BIAS), which also,
please check the Witness Disposition Form to verify that
The Appellant herein, did document Inmate Antwan Gibson
D#. 570460 on his list to be a witness which was not
Procedurally done correctly.

3). The Appellant / Grievant herein, request his Mental
Health and Medical Files on dates of: (12-01-2011)
Which (HE) was placed on (10)- Hour Observation, and
(12-03-2011) Use of Force incidents to be reviewed of
Staff member violations of Americans with Disability Acts,
Penn. Dept. of Corrections VS Yeskcy, and (F.A.C) 33-404.102
(8)(a).

4). The Appellant / Grievant herein, DEMANDS All tangible
things such as documents, Use of Force video, electronic filing,
(7)

APPEAL TO LOF. NO. 1112- 114- 230

Reports, or any thing concerning The Appellant / Grievant herein on date of: (12-01-2011) and (12-03-2011), Shall be (STORED) and (PRESERVED) for Civil Court proceedings.

5). The Appellant / Grievant herein conkst that each staff member shall each be [PENALIZED] for their Sadistic, Malice, vindictive conduct herein, Sergeant Mr. D. Larson (LD0455), Lieutenant Mr. Delab, Nurse MS. Barton, Office Mr. Jacobs, and Mr. Dewaters, and Warden Mr. R. Hill.

6.) The Appellant / Grievant herein, DEMANDS to be placed under [PROTECTIVE CUSTODY] from abovementioned Officials, and the community of employees at Santa Rosa Correctional Institution pending Inspector Mr. Castle investigation at (S-R-C-I), because the Inmate Robinson is in fear of his well being of being "RETALIATED" on or continuance of being set up with Disciplinary Infractions, also Inmate Robinson is [IN FEAR OF HIS LIFE] which Mr. Castle (INSPECTOR AT S-R-C-I) Said Investigation was to be Confidential, which on date of: (01-19-2012), at (07:50 A.M.) while Inmate Robinson was in the bottom tier Shower for Mental Health Doctor call out, Sergeant Mr. D. Larson on (F-Wing-(51) threatined Inmate Robinson which Video camera will Verify Sergeant Mr. D. Larson at his Shower Stall on date herein as documented proof. He also threatined that (HE) was wanting Inmate Robinson a disciplinary infraction because (he) Sergeant Mr. D. Larson (LD0455) didn't like Inmate Robinson.

(8)

APPEAL TO LOG NO# 1113- 119- 230.

WHEREFORE, The Appellant / Grievant herein, respectfully
request that your Honorable Office [GRANT] Relief in this
Grievance contestment, (Preserve) all documents and Audio
and Vidio tapings for Civil Court Proceedings, and to
Immediately [TRANSFER] the Appellant herein, to another-
Institution, which I'm [IN FEAR OF MY WELL BEING, and
LIFE] continuing to be at (S-R-c-I), and already been
Subject to (3) disciplinary infractions, log. No# 119 -112164,
written by Sergeant Mr. D. Larsen (LDC1S), Log. No# 119-
112166, written by Officer Mr. J. Jankowski, and Log. No#.
119-112191, written by ▬ Sergeant Mr. D. Larsen (LDC1S),
all within a (WEEK) Time frame, then Sprayed with Chemical
Agents and placed on Management Meal (M)- Days, and to
[GRANT] any other Relief deem necessary, just, and
Proper herein.

                    Respectfully Submitted",
Sign:  _____ DC# EC2378 (Appellant).
Print:    Charles Bernard Robinson Jr. DC# EC2378 (Appellant)
Address:     Santa Rosa Correctional Institution
                5850 East Milton Road
                Milton, Florida 32583
Date:        01-22-2013.

(9)

FLORIDA DEPARTMENT OF CORRECTIONS
CHARGING DISCIPLINARY REPORT
LOG # 119-112797

ISS0150 (01)                                                              12/05/2011                    PAGE: 1

DC#: E02878      INMATE NAME: ROBINSON, CHARLES B. J.                          INFRACTION
VIOLATION CODE: 0023      TITLE: PART: IN DISTURBANCE                           DATE: 12/03/11
FACILITY CODE: 119          NAME: SANTA ROSA C.I.                               TIME: 09:24

I.
STATEMENT OF FACTS
INMATE ROBINSON, CHARLES FDC# E02878 HOUSED ALONE IN F3215L
IS BEING CHARGED WITH VIOLATION OF F.A.C., CHAPTER
33-601.314 RULES OF PROHIBITED CONDUCT 2-3: CREATING OR
INCITING MINOR DISTURBANCE. ON DECEMBER 03, 2011, I WAS
ASSIGNED A CLOSE MANAGEMENT HOUSING SUPERVISOR IN
F-DORMITORY. AT APPROXIMATELY 9:24AM, I OBSERVED INMATE
ROBINSON, CHARLES FDC#E02878 KICKING ON HIS CELL DOOR AND
YELLING OBSCENITIES TOWARD STAFF. I COUNSELED WITH INMATE
ROBINSON AND ORDERED HIM TO CEASE HIS DISRUPTIVE BEHAVIOR
AND HE REFUSED ALL ORDERS GIVEN. AT APPROXIMATELY 9:38AM. I
AGAIN COUNSELED WITH INMATE ROBINSON AND ORDERED HIM TO
CEASE HIS DISRUPTIVE BEHAVIOR AND HE CONTINUED TO KICK HIS
CELL DOOR AND YELL OBSCENITIES TOWARD STAFF. AT
APPROXIMATELY 11:28AM INMATE ROBINSON CEASED HIS DISRUPTIVE
BEHAVIOR. AT APPROXIMATELY 12:17P.M.. INMATE ROBINSON
BECAME DISORDERLY AGAIN BY YELLING OBSCENITIES AND KICKING
ON HIS CELL DOOR AND I AGAIN COUNSELED WITH INMATE ROBINSON
AND ORDERED HIM TO CEASE HIS DISRUPTIVE BEHAVIOR AND HE
REFUSED ALL ORDERS GIVEN. AT THIS TIME IT BECAME NECESSARY
TO ADMINISTER CHEMICAL AGENTS TO QUELL THE DISTURBANCE. THE
SHIFT SUPERVISOR WAS NOTIFIED AND AUTHORIZED THIS REPORT.
INMATE ROBINSON, CHARLES FDC#E02878 WILL REMAIN IN HIS
CURRENT CM II DF STATUS PENDING DISCIPLINARY TEAM ACTION.

REPORT WRITTEN: 12/04/11, AT 14:00          BY: LD015 - LARSON, D.

II.
INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: 12/7/11, AT 8:05

NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
33-601, FLORIDA ADMINISTRATIVE CODE.

DELIVERED BY :

NOTICE TO INMATE:
AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
CONDUCT, YOU ARE ADVISED THE FOLLOWING:

INVESTIGATION:
AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.
DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED

[Exh. A 8]

FLORIDA DEPARTMENT OF CORRECTIONS
## EMERGENCY ROOM RECORD

Check all that apply:
[X] Inmate   [ ] Employee   [ ] Visitor
[X] Post-Use-of-Force Exam   [ ] Injury   [ ] Physical Altercation

All inmates must be examined by medical personnel following a use of force. This includes a visual inspection of the entire body to identify any sign of injury. This exam shall be performed in the medical unit except under unusual circumstance. Injuries shall be documented on the DC4-708, *Diagram of Injury*. If a physician/CA is not present at the time of the exam, a physician/CA **must** review this form and sign it on the next working day.

Time of occurrence: _1225 ? 1234_   Time of exam: _1250_

Description of occurrence: _Authorized use of force. Chemical agents x 2 applications_

Inmate showered without soap (if post-use of chemical agent)? [X] Yes   [ ] Refused   [ ] N/A

Vital Signs:   Temperature _98.3_   Pulse _80_   Respiration _20_   Blood Pressure _140_ / _82_

Arrived via: [X] Ambulatory   [ ] Stretcher   [ ] Wheelchair   [ ] Other:_____

Condition on arrival (check all that apply): [X] Alert  [X] Oriented x 4 (person, place, time, situation) [X] Responding to questions verbally
[ ] Other (requires description in examinations summary)
[ ] C/O pain? If checked, where?_____

Examination summary: _A/O BM. Responding verbally to questions. Denies any respiratory distress. Lungs are clear to auscultation. P & O lobes. No acute distress noted._

Physician notified?   [ ] No   [ ] Yes   Name:_____   Time:_____

Treatment provided?   [X] No   [ ] Yes   If yes, describe: _N/A_

CONFIDENTIAL HEALTH RECORD/CARE
INFORMATION INTENDED FOR THE
ADDRESSEE ONLY. UNAUTHORIZED
RELEASE OR DISCLOSURE MAY VIOLATE
STATE AND FEDERAL LAW

Response to Treatment: _N/A_

Disposition: _"F" dorm_   [ ] Population  [X] Confinement   [ ] Infirmary   [ ] Hospital   [ ] Rescue   [ ] Other (explain):

Discharge Instructions and Education: _No soap or lotion x 24°._

Health Care Provider's Signature and Stamp: _R. Martin Slpn_  R. MARTIN, SLPN   Date/Time: _12.3.11   12:50_
SARCI ANNEX

Reviewing Physician's Signature and Stamp:_____   Date/Time: _12/5/11   07:00_

N   ROBINSON, CHARLES B. JR.
D   E02878   B/M
D   DOB: 10/14/81

Inmate Distribution:   White—Health Record
Canary—Inspector General
Pink—Local Requirements

Employee Distribution:   White—Safety Officer/Designee
Canary—Employee Copy
Pink—DESTROY

DC4-701C (Effective 3/22/11)

Incorporated by Reference in Rule 33-602.210, F.A.C.

[Exh. A]

**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF HEALTH SERVICES**
**DIAGRAM OF INJURY**



Date of occurrence _12·3·11_
Date injury assessed by medical _12·3·11_

Time of occurrence _1225 & 1234_
Time injury assessed by medical _1250_

☒ No injury identified

Description of injury _No injuries noted._

Staff Signature

R. MARTIN, SLPN
SARCI ANNEX

ROBINSON, CHARLES B. JR.
E02878   B/M         ex_____
DOB: 10/14/81

CONFIDENTIAL HEALTH RECORD/CARE
INFORMATION INTENDED FOR THE
ADDRESSEE ONLY. UNAUTHORIZED
RELEASE OR DISCLOSURE MAY VIOLATE
STATE AND FEDERAL LAW

This form is not to be amended, revised, or altered without
approval by the Office of Health Services- Administration

DC4-708 (Revised 10/07)

Incorporated by Reference in Rule 33-602.210, F.A.C.

[Exh. A.2]

## FLORIDA DEPARTMENT OF CORRECTIONS
## Chronological Record of Health Care

Allergies: Haldol

| DATE/TIME | |
|---|---|
| 12/2/11 0900 | IN: Continued from Sick Call — While Observing IM urinating for clean catch urine IM was excessively squeezing his fingers after clean catch urine was obtained. I observed small blood clots settled on bottom of cup. I then asked IM to show me his fingers on (R) index finger I observed 2 1cm lacerations. I laceration was actively bleeding I then asked for alcohol pads that I had given IM to wipe off penis before the clean catch and both Alcohol wipes had blood smeared down them I then asked Officers to return IM back to cell. |
| | M. NICHOLS, ARNP SANTA ROSA, C.I. |
| | A. GRICE SLPN SARCI |
| 12.3.11 1300 | IN: Pest not Exam completed. See CR. recard DC4-701C & Body Sheet DC4-708. Authorized UOF; chemical agents x2 applications. |
| | R. MARTIN, SLPN SARCI ANNEX |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW

ROBINSON, CHARLES B. JR.
E02878   B/M
DOB: 10/14/81

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E-Education

DC4-701 (Revised 10/31/08)

[Exh. A.3]

Charles Bernard Robinson Jr. DC# E08818 (Pro se)
Santa Rosa Correctional Institution
5850 East Milton Road
Milton, Florida 32583

LEGAL-MAIL:

ATTN: THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
OFFICE OF THE DISTRICT CLERK
1 North Palafox Street (Room #336)
Pensacola, Florida 32502-5658