UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CHARLES BERNARD ROBINSON, JR.,**

    **Plaintiff,**

v.                                                    Case No. 3:13cv387-LC/CJK

**D. LARSON, et al.,**

    **Defendants.**
_____/

## **ORDER**

    This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated April 4, 2016 (doc. 113). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). No objections have been filed.

    Having considered the Report and Recommendation, I have determined that the Report and Recommendation should be adopted.

    Accordingly, it is now **ORDERED** as follows**:**

    1.    The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

    2.    The defendants' motion to dismiss (doc. 106) is **GRANTED in part** and

**DENIED in part** as follows:

    a.    Defendants' motion to dismiss plaintiffs' Eighth Amendment conditions of confinement claim based on plaintiff's failure to exhaust his administrative remedies is **DENIED**.

    b.    Defendants' motion to dismiss plaintiff's First Amendment retaliation claim concerning the December 1, 2011 disciplinary report is **GRANTED** and plaintiff's claim **DISMISSED WITH PREJUDICE**.

    c.    Defendants' motion to dismiss plaintiff's Eighth Amendment claim concerning Delapp's and Larson's verbal threats is **GRANTED** and plaintiff's claim **DISMISSED WITH PREJUDICE**.

    d.    Defendants' motion to dismiss plaintiff's Fourteenth Amendment equal protection claim is **GRANTED** and plaintiff's claim **DISMISSED WITH PREJUDICE**.

    e.    Defendants' motion to dismiss plaintiff's Eighth Amendment deprivation of medical care against Nurse Martin is **DENIED**.

    3.    This matter is referred to the Magistrate Judge for further proceedings on: (1) plaintiff's Eighth Amendment conditions of confinement claim against defendant Larson for housing plaintiff in a cold cell; (2) plaintiff's Eighth Amendment excessive force claim against defendants Larson and Delapp for spraying plaintiff with chemical

Case No. 3:13cv387-LC/CJK

agents on December 3, 2011; and (3) plaintiff's Eighth Amendment deprivation of medical care claim against defendants Larson, Delapp, and Martin for denying plaintiff access to mental health treatment on December 3, 2011.

**DONE AND ORDERED** this 6th day of May, 2016.

*s/L.A. Collier*
**LACEY A. COLLIER**
**SENIOR UNITED STATES DISTRICT JUDGE**