UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES BERNARD ROBINSON, JR.,

    Plaintiff,

v.                                Case No. 3:13cv387-LC-CJK

D. LARSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on defendants' Motion to Withdraw Jury Trial. (Doc. 201). The court previously found 42 U.S.C. § 1997e(e) limited plaintiff's potential recovery for the alleged violation of his constitutional rights to nominal damages. (Docs. 181, 186). Defendants have withdrawn their demand for a jury trial and now request that this case proceed to a bench trial. Defendants argue: (1) 42 U.S.C. § 1983 does not provide a statutory right to a jury trial; and (2) plaintiff is not entitled to a jury trial "where his potential recovery is limited to nominal damages which will not exceed the twenty dollars required by the Seventh Amendment." *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999) ("The character of § 1983 is vital to our Seventh Amendment analysis, but the statute does not itself confer the jury right."); U.S. Const. amend.

VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.").

When a jury trial has been demanded, the trial must be by jury unless: "(1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a). Although Fed. R. Civ. P. 38(d) provides that a proper demand for a jury trial may be withdrawn only if the parties consent, the rule applies only to cases in which there is a Seventh Amendment right to a jury. *See Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 968 (7th Cir. 2004) ("Rule 38, as is made clear by its caption, is concerned with jury trials of right. Rule 38(d)'s requirement that the other parties consent to a withdraw of a demand permits those other parties to rely on the jury demand to protect their right to a jury trial.").

Here, plaintiff is not entitled to a jury trial because his potential recovery cannot exceed the $20 threshold set by the Seventh Amendment. Nominal damages are "a trivial sum awarded for symbolic, rather than compensatory, purposes[.]" *Flanigan's Enters., Inc. of Ga. v. City of Sandy Springs, Ga.*, 868 F.3d 1248, 1268 (11th Cir. 2017); *see also Cummings v. Connell*, 402 F.3d 936, 943 (9th Cir. 2005)

("Nominal damages, as the term implies, are in name only and customarily are defined as a mere token or 'trifling.'"); *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1262-71 (10th Cir. 2004) (McConnell, J., concurring) ("Nominal damage awards serve essentially the same function as declaratory judgments; indeed, scholars tell us that nominal damages were originally sought as a means of obtaining declaratory relief before passage of declaratory judgment statutes.") (citations omitted).

Both § 1983 caselaw and the Eleventh Circuit pattern jury instructions governing plaintiff's claim indicate the appropriate measure of nominal damages is $1.00. *See Carey v. Piphus*, 435 U.S. 247, 266-67 (1978) (holding if plaintiffs were entitled to nominal damages for a procedural due process violation, the damages should not exceed one dollar); *Corpus v. Bennett*, 430 F.3d 912, 916 (8th Cir. 2005) ("one dollar is recognized as an appropriate value for nominal damages"); *Whitfield v. Thompson*, 165 F. Supp. 3d 1227, 1238 n.4 (S.D. Fla. 2016) (noting "nominal damages do not generally exceed one dollar"); Eleventh Circuit Pattern Jury Instructions (Civil Cases) Civil Right Constitutional Claims Instruction 5.13 ("If [name of plaintiff] has failed to prove that [he/she] suffered more than a minimal physical injury, then you must award nominal damages of $1.00.").[1]

---

[1] "Although [the pattern instructions are] generally considered a valuable resource, reflecting the collective research of a panel of distinguished judges, they are not binding; Eleventh Circuit case law takes precedence." *United States v. Dohan*, 508 F.3d 989, 994 (11th Cir. 2007).

Case No. 3:13cv387-LC-CJK

Other courts addressing the argument raised by defendants have concluded a plaintiff limited to recovering nominal damages is not entitled to a jury trial. *See Van Wie v. Pataki*, 267 F.3d 109, 115 n.4 (2d Cir. 2001) ("We additionally note generally that in nominal damages cases, when such damage requests are below twenty dollars, there is no right to a jury trial."); *Burt v. Abel*, 585 F.2d 613, 616 n.7 (4th Cir. 1978) (if plaintiff's claims "entitle him to no more than nominal damages, the seventh amendment will not be applicable because of an insufficient amount in controversy"); *Gonzalez v. Joey*, CIV No. 12-834 RB/GBW, 2015 WL 13665476 (D.N.M. Feb. 6, 2015) (finding "Plaintiff is not entitled to a jury trial because he cannot receive compensatory or punitive damages" and "his sole available remedy is for injunctive relief or nominal damages") *Report and Recommendation adopted by* 2015 WL 13665477 (D.N.M. Feb. 27, 2015); *Shabazz v. Norris*, 5:03CV00401-WRW/BD, 2007 WL 2819517 (E.D. Ark. Sept. 26, 2007) ("The Eighth Circuit has ruled that a prevailing plaintiff does not have a right to a jury trial solely on the issue of nominal damages.") (citations omitted); *Wigg v. Sioux Falls Sch. Dist. 49-5*, 274 F. Supp. 2d 1084 (D.S.D. 2003) ("Plaintiff is not entitled to a jury trial in this matter because if she prevails, her nominal damages award will be $1.00, which does not exceed the twenty dollar threshold required by the Seventh Amendment."), *rev'd in part on other grounds*, 382 F.3d 807 (8th Cir. 2004).

Plaintiff response in opposition to defendants' motion (doc. 204) does not rebut the persuasiveness of the preceding cases. Although plaintiff argues the demand for a jury trial in his complaint should be honored, "[t]he right to trial by jury is determined by the issues, not by the pleadings." *Armco, Inc. v. Armco Burglar Alarm Co., Inc.*, 693 F.2d 1155, 1158 (5th Cir. 1982). Plaintiff also reasserts objections to the court's order on defendants' motion for summary judgment. He appears to claim a bench trial would prejudice him because the court previously issued rulings that were unfavorable to him. Adverse rulings against a litigant, however, do not demonstrate bias. *Cf. Rigaud v. Broward Gen. Med. Ctr.*, 404 F. App'x 372, 374 (11th Cir. 2010) ("Adverse rulings do not constitute pervasive bias."); *In re Walker*, 532 F.3d 1304, 1311 (11th Cir. 2008) ("Adverse rulings are grounds for appeal but rarely are grounds for recusal[.]").

Accordingly, it is respectfully RECOMMENDED:

That defendants' Motion to Withdraw Jury Trial (doc. 201) be GRANTED.

At Pensacola, Florida, this 17th day of October, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.